The **CITY OF HIDALGO AMBULANCE SERVICE,** Appellant,

v.

Maria **LIRA, Individually and as Best Friend of Pedro Lira, Jr., a Minor and as The Independent Administrator of the Estate of Pedro Lira, Sr.,** Appellee.

No. 13–99–618–CV.

Court of Appeals of Texas, Corpus Christi.

April 6, 2000.

Ricardo J. Navarro, Mauro Fernando Ruiz, Harlingen, for appellant.

Francisco J. Rodriguez, Hector Leal Rodriguez, John G. Escamilla, Rodriguez, Pruneda, Tovar, Calvillo & Garcia, McAllen, Arnulfo Medina Acosta, Law Offices of Arnulfo Acosta, PC, Pharr, for appellee.

Before: Justices DORSEY, CHAVEZ, and RODRIGUEZ.

## OPINION

RODRIGUEZ, Justice.

The City of Hidalgo Ambulance Service (the City) brings this interlocutory appeal from the denials of two pleas to the jurisdiction. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2000). By a single issue, the City contends the trial court lacked subject matter jurisdiction because the claims alleged in the petition did not give rise to waiver of immunity under the Texas Tort Claims Act. We affirm in part and reverse and render in part.

Pedro Lira, Sr. died of a heart attack in Hidalgo County, Texas. Pedro's widow, Maria Lira, individually, as the representative of the estate of Pedro Lira, Sr., and as best friend of her son, Pedro Lira, Jr., (the plaintiffs) sued the City, alleging its failure to timely respond to numerous calls for emergency service caused the death of her husband.

The plaintiffs alleged the City was liable under the Texas Tort Claims Act, which statutorily waives governmental immunity,[1] and allows liability for:

---

1. Governmental entities have immunity from suit without consent even if there is no question as to the liability of the sovereign. *See Stewart v. Texas Lottery Com'n*, 975 S.W.2d 732, 735 (Tex.App.—Corpus Christi 1998, no pet.) (citing *Missouri Pacific R.R. Co. v. Brownsville Navigation Dist.*, 453 S.W.2d 812, 813 (Tex.1970); *Green Int'l, Inc. v. State*, 877 S.W.2d 428, 432 (Tex.App.—Austin 1994, writ dism'd)). Immunity from suit bars an action against the state unless the state expressly consents, by statute or express legislative permission, to the suit. *See Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 405 (Tex.1997). The party suing the government must establish the state's consent, either by reference to

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997).

By their First Amended Original Petition, the plaintiffs alleged the City was liable under the act for the operation, use, or misuse of a motor-driven vehicle. *See id.* § 101.021(1). Specifically, the plaintiffs alleged Mr. Lira's death was "caused by the City of Hidalgo's police and emergency personnel's negligence in the operation of, the misuse of and/or their failure to use a motor-driven vehicle, specifically, a city ambulance, to timely respond to Plaintiff's emergency phone calls for medical assistance for Mr. Lira." In turn, the City filed a plea to the jurisdiction, asserting the facts as alleged by the plaintiffs did not waive the City's sovereign immunity because, *inter alia,* the plaintiffs' complaint was that the City did not use its ambulance and there is no waiver of immunity for the non-use of a motor-driven vehicle. The trial court set a hearing for the plea; however, prior to the hearing, the plaintiffs filed their Second Amended Original Petition, omitting their claim that liability was allowed based on the operation, use, or misuse of a motor-driven vehicle and replacing it with a claim that Mr. Lira's death was caused by the use or misuse of tangible personal or real property. *See id.* § 101.021(2). In particular, the petition alleged the City was liable based on the "use and/or misuse of its telephone and/or radio equipment [in] failing to timely contact and dispatch emergency personnel in response to Plaintiffs' emergency phone calls for medical assistance for Mr. Lira." The trial court subsequently denied the City's plea to the jurisdiction, which addressed the claim of waiver of immunity in plaintiff's First Amended Original Petition, as moot. Thereafter, the City filed a plea to the jurisdiction based on the plaintiffs' Second Original Amended Petition, attacking the plaintiffs' claim of waiver of immunity based on the use or misuse of tangible property, namely emergency communication equipment. The trial court denied the plea.

The City filed a notice of appeal with this Court, seeking review of the trial court's denial of its second plea to the jurisdiction. Thereafter, the plaintiffs filed their Third Amended Original Petition,[2] claiming liability on the bases of operation, use, or misuse of a motor vehicle, and use or misuse of tangible personal property. The City then filed an amended notice of appeal, including as part of the appeal the trial court's denial as moot of its first plea to the jurisdiction.

In its sole issue, the City contends the trial court erred by denying the pleas to the jurisdiction. A plea to the jurisdiction contests the trial court's authority to determine the subject matter of the cause of action. *See City of El Campo*

---

a statute or express legislative permission. See *Tex. Dept. of Transportation v. Jones,* 8 S.W.3d 636, 638 (Tex.1999).

**2.** The interlocutory appeal acted to stay proceedings in the trial court only with respect to commencement of trial. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(b) (Vernon Supp.

2000); *City of Austin v. L.S. Ranch, Ltd.,* 970 S.W.2d 750, 754 n. 3 (Tex.App.—Austin 1998, no pet.). The Third Amended Original Petition was included as an exhibit to the plaintiff's motion to dismiss the appeal as moot, and also appears in the clerk's record.

*v. Rubio,* 980 S.W.2d 943, 945 (Tex.App.—Corpus Christi 1998, pet. dism'd w.o.j.). "Governmental immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Tex. Dept. of Transportation v. Jones,* 8 S.W.3d 636, 637–39 (Tex. 1999).

When considering a plea to the jurisdiction, the trial court looks only to the allegations in the petition. *See Rubio,* 980 S.W.2d at 945; *see also University of Tex. Med. Branch at Galveston v. Hohman,* 6 S.W.3d 767, 771 (Tex.App.—Houston [1st Dist .] 1999, pet. filed); *Liberty Mut. Ins. Co. v. Sharp,* 874 S.W.2d 736, 739 (Tex.App.—Austin 1994, writ denied). We take the allegations in the pleading as true and construe them in favor of the pleader. See *Rubio,* 980 S.W.2d at 945 (citing *Air Control Bd.,* 852 S.W.2d at 445). The pleadings must affirmatively demonstrate the court's jurisdiction. *See Tex. Ass'n of Business v. Air Control,* 852 S.W.2d 440, 446 (Tex.1993).

The trial court in this case did not rule on the merits of the first plea to the jurisdiction in which the City challenged the plaintiff's claim of liability for operation, use, or misuse of a motor vehicle. Rather, the court denied the plea as moot because the petition, at the time of the hearing, had been amended to exclude such a theory. We cannot say the trial court erred in denying as moot the City's first plea. The plea addressed a claim of waiver of liability that was no longer in the petition; it was indeed moot. Moreover, to the extent that the plaintiff's Third Amended Original Petition includes a claim of liability based on the operation, use, or misuse of a motor-driven vehicle, there is no appealable order from which the City complains. *See* Tex.Civ.Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon Supp.2000) (permitting interlocutory appeal from order granting or denying plea to jurisdiction by governmental unit). We overrule the City's first issue as it relates to the claim based on the operation, use, or misuse of a motor-driven vehicle.

The City also complains the trial court erred in denying their second plea to the jurisdiction which attacked the plaintiff's claim of liability based on the use or misuse of tangible property as raised in the Second Amended Original Petition. According to the City, the plaintiff's theory of liability was based on the non-use of tangible property, and therefore did not fall within the purview of the limited waiver in the Texas Tort Claims Act. The plaintiffs contend the appeal is moot with respect to the second plea to the jurisdiction, because the deficiencies complained about in that plea were addressed in their Third Amended Original Petition. However, both petitions allege liability for use or misuse of tangible personal property (*i.e.,* emergency communication equipment) in failing to provide emergency medical services to Mr. Lira, and allege that the communication equipment was misused in other ways.

The plaintiffs alleged the failure to use and the misuse of emergency communication equipment caused Mr. Lira's death; they did not allege that a condition of the equipment caused his death. Thus, their claim was based on the conveyance or non-conveyance of information, rather than the use or misuse of tangible personal property. Use or misuse of information does not amount to use or misuse of tangible property so as to waive governmental immunity under section 101.021(2). See *University of Tex. Med. Branch v. York,* 871 S.W.2d 175, 177 (Tex. 1994); *Sawyer v. Texas Dept. of Criminal Justice,* 983 S.W.2d 310, 312 (Tex.App.—Houston [1st Dist.] 1998, pet. denied); *Dear v. City of Irving,* 902 S.W.2d 731, 737 (Tex.App.—Austin 1995, writ denied) (citations omitted). Furthermore, mere non-use of property will not support a claim under the Texas Tort Claims Act. *See Kerrville State Hosp. v. Clark,* 923 S.W.2d 582, 585 (Tex.1996); *Kassen v. Hatley,* 887 S.W.2d 4, 14 (Tex.1994). The word use means to "put or bring [the property] into

action or service; to employ for or apply to a given purpose." *See Clark,* 923 S.W.2d at 585 (quotations omitted). Although the plaintiffs assert their claim is based on the misuse of property, their pleadings complain Mr. Lira died as a result of the failure of emergency personnel to dispatch emergency personnel in a timely manner.

In *Kassen v. Hatley,* 887 S.W.2d 4, 14 (Tex.1994), the supreme court concluded that the failure to provide a patient with medication was non-use and did not waive sovereign immunity. Although the governmental employees had taken medication away from the patient, the court reasoned that the claim of waiver of immunity was based on the failure to provide the patient with her medication. *See id.*

In *Kerrville State Hosp. v. Clark,* 923 S.W.2d 582, 585 (Tex.1996), the supreme court held that giving a patient oral medication instead of an injectionable drug was non-use and did not give rise to waiver of immunity under the Texas Tort Claims Act. The plaintiffs alleged the treatment prescribed was not as effective as the injectionable drug would have been. The court resolved that although state hospital employees gave the patient oral medication, "the gravamen of [the plaintiffs'] complaint [was] that [the defendants'] non-use of an injectionable drug was the cause of their daughter's death." *See id.*

Similarly, we conclude the gravamen of the plaintiff's complaint is the City's non-use of the communication equipment in failing to provide medical services to Mr. Lira, which resulted in his death. Accordingly, the allegation that the City was liable for the use or misuse of the emergency communication equipment did not waive the City's sovereign immunity. We hold the pleadings affirmatively demonstrate an absence of subject matter jurisdiction as to the plaintiffs' claim that the City was liable for its use or misuse of tangible personal property. The City's first issue is sustained as to the City's claim of waiver of immunity based on that claim.

Therefore, we REVERSE the trial court's denial of the second plea to the jurisdiction relating to the claim of waiver of immunity based on the use or misuse of tangible personal property and render judgment in the City's favor on that claim. We AFFIRM the trial court's denial as moot of the first plea to the jurisdiction relating to the claim of waiver based on the use of a motor-driven vehicle.