NUMBER 13-03-577-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      

DAISY (DEE) MARIE KELSO 
AND JAMES DOUGLAS KELSO,                               Appellants,                                                        

v.

GONZALES HEALTHCARE SYSTEMS 
D/B/A MEMORIAL HOSPITAL,                                                   Appellee.
                                                                                                                                      

On appeal from the 25th District Court of Gonzales County, Texas.
                                                                                                                      

O P I N I O N

Before Chief Justice Valdez and Justices Rodriguez and Garza
Opinion by Justice Garza

          Appellants, Daisy and James Kelso, appeal the trial court’s decision to grant a plea
to the jurisdiction by appellee, Gonzales Healthcare Systems, d/b/a Memorial Hospital
(“Memorial Hospital”). In two issues, the Kelsos contend that (1) the trial court improperly
granted Memorial Hospital’s plea to the jurisdiction because sovereign immunity under the
tort claims act had been waived; and (2) the trial court granted Memorial Hospital’s plea
to the jurisdiction without giving the Kelsos the opportunity to amend their petition. We
reverse and remand to the trial court in order to give the Kelsos an opportunity to amend
their pleading. 
Factual Background
          The Kelsos brought suit under the Texas Tort Claims Act as a result of personal
injuries sustained by Daisy Kelso while she was a patient at Memorial Hospital. See Tex.
Civ. Prac. & Rem. Code Ann. §§ 101.001 et seq. (Vernon 1997). Daisy came to the
emergency room at Memorial Hospital on the morning of October 25, 1999, exhibiting the
symptoms of a heart attack. Daisy’s physician, Robert Williamson, M. D., was contacted
by emergency room personnel and gave orders by telephone for blood work, a chest x-ray
and an electrocardiogram (“EKG”) to be conducted on Daisy. The EKG was performed by
hospital personnel, and its results indicated that Daisy was suffering an acute myocardial
infarction, or heart attack. For reasons unstated in the record, Daisy did not immediately
receive medical treatment following her EKG; in fact, treatment did not begin until she
received two doses of nitroglycerin almost two hours after the EKG results were known.           The Kelsos then sued Memorial Hospital and Dr. Williamson for damages from
Daisy’s permanent injuries sustained by the delay in treatment. The Kelsos alleged that
Daisy’s injuries were caused by the misuse of tangible personal property, i.e., the EKG
testing machine. Memorial Hospital then filed a plea to the jurisdiction based on its
sovereign immunity as a governmental unit entitled to the protections of the tort claims act. 
The trial court granted both the plea and a subsequent motion for severance, making the
issue final and subject to appeal.
Plea to the Jurisdiction
          A party may submit a plea to the jurisdiction in order to assert that it enjoys
sovereign immunity from suit and therefore is not properly within the subject matter
jurisdiction of the trial court. Tex. Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999)
(per curiam). The limits of the trial court’s subject matter jurisdiction is a question of law
and subject to de novo review by the appellate court. Tex. Natural Res. Conservation
Comm’n v. IT-Daly, 74 S.W.3d 849, 855 (Tex. 2000). In a suit against a governmental unit,
the plaintiff must affirmatively demonstrate the court’s jurisdiction by alleging a valid waiver
of immunity. Dallas Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003). To
determine if the plaintiff has met that burden, an appellate court will consider the facts
alleged by the plaintiff and, to the extent relevant to the jurisdictional issue, the evidence
submitted by the parties. Tex. Natural Res. Conservation Comm’n v. White, 46 S.W.3d
864, 868 (Tex. 2001). 
          A plea to the jurisdiction asserts that the factual allegations in the plaintiff’s
pleadings, even when taken as true, fail to invoke the court’s jurisdiction. Texana Cmty.
MHMR Ctr. v. Silvas, 62 S.W.3d 317, 320 (Tex. App.–Corpus Christi 2001, no pet.); see
City of Hidalgo Ambulance Serv. v. Lira, 17 S.W.3d 300, 304 (Tex. App.–Corpus Christi
2000, no pet.). Thus, the court must construe the plaintiff’s pleadings liberally in favor of
jurisdiction. Silva, 62 S.W.3d at 320; see also Tex. Ass’n of Bus. v. Tex. Air Control Bd.,
852 S.W.2d 440, 446 (Tex. 1993). Similarly, when an appellate court considers a trial
court’s order on a plea to the jurisdiction, it must construe the pleadings in the plaintiff’s
favor and look to the pleader’s intent. County of Cameron v. Brown, 80 S.W.3d 549, 555
(Tex. 2002). 
          When a plaintiff fails to plead facts that establish jurisdiction, but the petition does
not effectively demonstrate incurable defects in jurisdiction, the issue is one of pleading
sufficiency and the plaintiff should be afforded an opportunity to amend. Id.; Peek v.
Equip. Serv. Co., 779 S.W.2d 802, 805 (Tex. 1989). However, if the pleadings affirmatively
negate the existence of jurisdiction, a plea to the jurisdiction may be granted without
allowing the plaintiff an opportunity to amend. Brown, 80 S.W.3d at 555. 
Sovereign Immunity
          By their first issue on appeal, the Kelsos allege that the trial court improperly granted
Memorial Hospital’s plea to the jurisdiction based upon sovereign immunity because the
Kelsos had pled a viable cause of action under the Texas Tort Claims Act.
          In Texas, under the doctrine of sovereign immunity, a governmental agency is not
liable for the torts of its officers or agents unless there is a specific legislative waiver of
immunity. Lowe v. Texas Tech Univ., 540 S.W.2d 297, 298 (Tex. 1976). Sovereign
immunity can only be waived by clear and unambiguous language. Univ. of Tex. Med.
Branch at Galveston v. York, 871 S.W.2d 175, 177 (Tex. 1994). The Texas Legislature
enacted the tort claims act to waive sovereign immunity in limited circumstances. See
Kerrville State Hosp. v. Clark, 923 S.W.2d 582, 584 (Tex. 1996). 
          In their petition, the Kelsos rely on section 101.021(2) of the act, which waives
governmental liability for “personal injury and death so caused by a condition or use of
tangible personal or real property if the governmental unit would, were it a private person,
be liable to the claimant according to Texas law.” Tex. Civ. Prac. & Rem. Code Ann. §
101.021(2) (Vernon 1997). “Use” of property is undefined in the statute but has been
characterized in case law as “to put or bring into action or service; to employ for or apply
to a given purpose.” Salcedo v. El Paso Hosp. Dist., 659 S.W.2d 30, 33 (Tex. 1983). The
Texas Supreme Court has distinguished claims involving the failure to use property, which
will not waive sovereign immunity, from claims involving a condition or use of tangible
personal property that causes injury, which will effect a waiver. Tex. Dep’t Crim. Justice
v. Miller, 51 S.W.3d 583, 587 (Tex. 2001).
          All elements of section 101.021(2) must be satisfied or governmental immunity will
not be considered waived; for example, the use of the property must actually cause the
injury, see id. at 588; Dallas County Mental Health & Mental Retardation v. Bossley, 968
S.W.2d 339, 342-43 (Tex. 1998), and the property must be tangible, see York, 871 S.W.2d
at 179. Information about a medical condition is not considered tangible property. York,
871 S.W.2d at 179 (“Salcedo does not permit claims against the State for misuse of
information.”); Lira, 17 S.W.3d at 304 (“Use or misuse of information does not amount to
use or misuse of tangible property so as to waive governmental immunity under section
101.021(2).”). 
          With regard to EKG machines specifically, “[r]eading and interpreting are [the]
purposes for which an electrocardiogram graph is used.” Salcedo, 659 S.W.2d at 33. 
Thus, when a machine’s readout is incorrectly read or interpreted, it has been incorrectly
“used” and therefore immunity is waived. See id. However, the use or misuse of an EKG
is distinguishable from the use or misuse of information. Baston v. The City of Port Isabel,
49 S.W.3d 425, 429 (Tex. App.–Corpus Christi 2001, pet. denied). If an EKG machine is
correctly used, any subsequent misuse or nonuse of the information it reveals about a
patient’s medical condition does not waive immunity under the statute, as it was the use
of the information, not the tangible property, which was the proximate cause of injury. See
Miller, 51 S.W.3d at 588 (use of tangible property must have caused the injury); Lira, 17
S.W.3d at 304 (information is not tangible property). 
          In their petition to the trial court, the Kelsos made no affirmative allegations that the
EKG was incorrectly used or that its results were erroneous. Instead, according to the
facts as alleged by the Kelsos in their petition, the injury suffered by Daisy occurred only
after the EKG was correctly used and provided accurate results and was caused by the
hospital personnel’s failure to act upon the information about the heart attack once it
became known. The use of the EKG was therefore not the proximate cause of Daisy’s
injury. Although failure to use the information from the EKG results may have caused
injury to Daisy, no use of tangible property was involved. Thus, the Kelsos’ pleading fails
to affirmatively allege facts which would bring their claims under the waiver of immunity
from liability in section 101.021(2) of the tort claims act. The Kelsos could have alleged
that the EKG results, though correct, were improperly interpreted by Memorial Hospital
staff. However, they failed to clearly state such a claim. Consequently, there is no waiver
of immunity from suit, and the trial court lacks subject matter jurisdiction of the claims
against the appellees. See Snelling v. Mims, 97 S.W.3d 646, 654 (Tex. App.–Waco 2002,
no pet.) (failure to diagnose patient and report results was not misuse of tangible personal
property); Univ. of Tex. Med. Branch at Galveston v. Mullins, 57 S.W.3d 653, 657 (Tex.
App.–Houston [14th Dist.] 2001, no pet.) (failure to inform plaintiff of positive HIV test result
was not misuse of tangible property). Accordingly, the trial court did not err by granting
Memorial Hospital’s plea to the jurisdiction on the basis of these pleadings. We overrule
the Kelsos’ first issue on appeal.
Opportunity to Amend
          By their second issue, the Kelsos complain that the trial court improperly granted
Memorial Hospital’s plea to the jurisdiction without giving the Kelsos the opportunity to
amend their petition. Having determined that the Kelsos failed to state a claim for which
Memorial Hospital’s sovereign immunity is waived, this Court must decide whether the
Kelsos’ petition is incurably defective or whether it may be amended to allege a cause of
action within the trial court’s jurisdiction. Brown, 80 S.W.3d at 555; Peek, 779 S.W.2d at
805.


 Reviewing the record before us, we note that the Kelsos’ petition is inconsistent
regarding her allegations of misuse of the EKG machine through improper reading or
interpretation of its results. The petition affirmatively states that the EKG results were
correct: “The EKG results indicated that plaintiff, [Daisy] Kelso, was suffering from an
acute myocardial infarction. . . . Plaintiffs received confirmation (at another hospital) that
plaintiff, [Daisy] Kelso suffered from an acute myocardial infarction.” However, the petition
further alleges Memorial Hospital was negligent by “misusing available tools” and that its
employees “misused and/or inadequately read cardiac and vital signal monitors.” 
Additionally, the Kelsos’ response to Memorial Hospital’s plea to the jurisdiction alleges
with greater specificity that there was an “improper use of the equipment” through the
hospital staff “improperly reading and interpreting the results produced by the EKG.” 
These facts, had they been included in the Kelsos’ petition, would have been sufficient to
establish jurisdiction by waiving sovereign immunity under the tort claims act. See id. 
Because the Kelsos failed to amend their petition to conform to their response to the plea
to the jurisdiction by affirmatively specifying that there had been misuse, we cannot award
the relief primarily requested, i.e., reversing the judgment of the trial court and rendering
judgment that subject matter jurisdiction over Memorial Hospital has been established. 
Instead, we reverse the trial court’s order granting the plea to the jurisdiction and remand
to the trial court to allow the Kelsos an opportunity to amend their pleadings to assert a
cognizable cause of action. See Brown, 80 S.W.3d at 555; Peek, 779 S.W.2d at 805. _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
 
Opinion delivered and filed 
this the 13th day of May, 2004.