Affirmed and Memorandum Opinion filed October 5, 2004









Affirmed
and Memorandum Opinion filed October 5, 2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00127-CV

____________

 

DAVID FOSTER AND
CHRISTEENE FOSTER, INDIVIDUALLY AND AS NEXT FRIEND OF CHRISTOFER FOSTER, A MINOR,
Appellants

 

V.

 

THE CITY OF
HOUSTON, TEXAS,
Appellee

 



 

On Appeal from the 280th
District Court

Harris County, Texas

Trial Court Cause No. 03-55425

 



 

M E M O R A N D U M   O P I N I O N

Appellants David and Christeene Foster,
individually and as next friend of their son, Christofer Foster, appeal from
the trial court’s dismissal of their claims against appellee, the City of
Houston, Texas (“the City”).  This case
arises from injuries sustained by David Foster as a result of a motorcycle
accident and the alleged subsequent failure by the City to timely dispatch
emergency medical services personnel to the scene.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion.  See Tex.
R. App. P. 47.4.  We affirm.








Appellants present three issues for review
in this appeal.  They argue that (1)
Section 101.055(3)[1]
of the Texas Tort Claims Act (“Act”) does not apply to the negligent
implementation of policy, (2) the trial court erred in dismissing their claims
against the City because their pleadings adequately allege waiver of sovereign
immunity under Sections 101.021(2)[2]
and 101.062(b)[3]
of the Act, and (3) the trial court abused its discretion in granting the
City’s plea to the jurisdiction before their case was adequately developed
through discovery.  Because our
resolution of appellants’ second and third issues is dispositive of this case
on appeal, we do not reach their first issue.

In their second issue, appellants argue
that the trial court erred in dismissing their claims against the City because
their pleadings adequately allege waiver of sovereign immunity under Sections
101.021(2) and 101.062(b) of the Act.  We
disagree.








Appellants contend that the waiver of
sovereign immunity for the use of “tangible personal property,” codified in
Section 101.021(2), applies because the City’s use of its 9-1-1 emergency
communications equipment was the proximate cause of Daniel Foster’s
injuries.  But a nearly identical claim
was raised and rejected by the court in City of Hidalgo Ambulance Service v.
Lira, 17 S.W.3d 300, 304 (Tex. App.—Corpus Christi 2000, no pet.),
and we find its reasoning persuasive.  In
the present case, appellants do not allege that either the condition of the
City’s emergency communications equipment or any City employee’s or agent’s
operation of such equipment caused the injuries sustained by Daniel
Foster.  Rather, appellants contend that
the failure of City employees or agents to convey information concerning Daniel
Foster’s injuries to the appropriate medical personnel through the operation
of the emergency communications equipment was negligent, grossly negligent,
or reckless.[4]  Therefore, appellants’ contention that the
City waived its defense of sovereign immunity through its use of
tangible personal property is without merit because appellants do not contend
that such use was negligent, grossly negligent, or reckless in nature.

Appellants also contend that the conduct
of City employees or agents in response to Christeene Foster’s repeated calls
for medical assistance violated several statutory provisions and local
ordinances, including (1) Sections 
42.062(a)[5]
and (2) Section 38.15(a)(2)[6]
of the Texas Penal Code, and (3) “numerous City ordinances.”  We do not agree.  Appellants do not allege facts concerning
whether any City employee or agent (1) prevented or interfered with their
placement of a call or request for emergency assistance, or (2) interrupted,
disrupted, impeded, or interfered with emergency personnel in the performance
of emergency medical services.  Rather,
they claim that City employees or agents were on the receiving end of
Christeene Foster’s calls for help and attempted to provide assistance, but
were unable to do so because the accident location was not provided by the
caller.  Further, appellants allege that
the same conduct violated “numerous City ordinances,” yet fail to mention any
single provision in particular.  Consequently,
this claim fails due to inadequate briefing. See Tex. R. App. P. 38.1(h). 
We therefore find that appellants did not adequately plead waiver of
sovereign immunity by the City in the present case.








Accordingly, appellants’ second issue is
overruled.

In their third issue, appellants argue
that the trial court abused its discretion in granting the City’s plea to the
jurisdiction before their case was adequately developed through discovery.  Whether a determination of subject matter jurisdiction
can be made in a preliminary hearing or should be suspended pending further
discovery must be left largely to the trial court’s sound exercise of
discretion. Bland Independent School Dist. v. Blue, 34 S.W.3d 547, 554
(Tex. 2000).  In the present case,
appellants sought discovery of the following items: the audiotape of Christeene
Foster’s conversations with the 9-1-1 emergency dispatchers, the identities of
the actors involved in Christeene Foster’s calls for help, and a copy of the
City’s 9-1-1 emergency service policies. 
They claim that the City’s failure to comply with these discovery
requests made the trial court’s granting of the City’s plea to the jurisdiction
premature.  We disagree.

Appellants claim that the City’s failure
to produce the audiotape of Christeene Foster’s conversations with the
emergency dispatchers rendered the trial court’s decision premature.  But our review of the pleadings confirms that
appellants were aware of the content of the exchanges that took place between
Christeene Foster and the dispatchers without the City’s production of the
audiotape.  According to their pleadings,
appellants were repeatedly told that no emergency personnel would be dispatched
because the caller did not know the location of the accident.  Therefore, the City’s production of the
audiotape would not have clarified the manner of use or non-use of tangible
personal property or the nature of the alleged violations of statutes and/or
local ordinances.

Appellants next claim that the City’s
failure to disclose the identities of the actors involved in Christeene
Foster’s calls for medical assistance rendered the trial court’s decision
premature.  We do not understand,
however, and appellants fail to explain, how knowledge of such actors’
identities would have clarified the manner of use or non-use of tangible
personal property or the nature of the alleged violations of statutes and/or
local ordinances, as appellants claim.








Finally, appellants claim that the City’s
failure to produce a copy of its 9-1-1 emergency service policies rendered the
trial court’s decision premature.  The
City’s sovereign immunity is not waived merely because the actions of its
employees or associated volunteers violate its own service policies; rather,
sovereign immunity is waived only as a result of violations of statutes or
ordinances.  See Tex. Civ. Prac. & Rem. Code Ann. §
101.062(b) (Vernon 1997).  Therefore, the
City’s production of a copy of its own emergency service policies would not
have clarified the manner of use or non-use of tangible personal property or
the nature of the alleged violations of statutes and/or local ordinances.

Accordingly, appellants’ third issue is
overruled.

The judgment of the trial court is
affirmed.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed October 5, 2004.

Panel
consists of Chief Justice Hedges and Justices Anderson and Seymore.











[1]  That Section
provides: “This chapter does not apply to a claim arising: . . . (3) from the
failure to provide or the method of providing police or fire protection.”
(Vernon 1997).





[2]  That Section
provides: “A governmental unit in this state is liable for: . . . (2) personal
injury and death so caused by a condition or use of tangible personal or real
property if the governmental unit would, were it a private person, be liable to
the claimant according to Texas law.” (Vernon 1997).





[3]  That Section
provides: “This chapter applies to a claim against a public agency that arises
from an action of an employee of the public agency or a volunteer under
direction of the public agency and that involves providing 9-1-1 service or
responding to a 9-1-1 emergency call only if the action violates a statute or
ordinance applicable to the action.” (Vernon 1997).





[4]  In other
words, appellants do not contend that any City employee or agent was negligent,
grossly negligent, or reckless in manually operating the telephones, computers,
or other emergency equipment; instead, they assert that the conveyance or
non-conveyance of information regarding Daniel Foster’s injuries was negligent,
grossly negligent, or reckless because it was not done in a timely manner.





[5]  That Section
provides: “An individual commits an offense if the individual knowingly
prevents or interferes with another individual’s ability to place an emergency
telephone call or to request assistance in an emergency from a law enforcement
agency, medical facility, or other agency or entity the primary purpose of
which is to provide for the safety of individuals.” (Vernon Supp. 2003).





[6]  That Section
provides: “A person commits an offense if the person with criminal negligence interrupts,
disrupts, impedes, or otherwise interferes with: . . . (2) a person who is
employed to provide emergency medical services including the transportation of
ill or injured persons while the person is performing that duty.” (Vernon Supp.
2003).