

# NUMBER 13-21-00375-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

CITY OF RAYMONDVILLE,                                                    Appellant,

v.

ISABEL ELIZONDO,
NOE ESPINOZA JR.,
ROXANNE FRANCO, AND
ANTONIO ESPINOZA,                                                       Appellees.

---

### On appeal from the 197th District Court
### of Willacy County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Silva
### Memorandum Opinion by Justice Silva

Appellant City of Raymondville (Raymondville) appeals the trial court's denial of its
combined plea to the jurisdiction and motion for traditional and no-evidence summary
judgment filed in response to appellees Isabel Elizondo, Noe Espinoza Jr. (Noe),

Roxanne Franco, and Antonio Espinoza's suit seeking damages stemming from burying decedent Noe Espinoza (Decedent) in the wrong burial plot. By three issues, Raymondville argues governmental immunity has not been waived, because (1) the use of tangible personal property was by Good Shepherd Funeral Home (Good Shepherd)[1] employees who were acting as independent contractors, for which there is no waiver of immunity; (2) the use or misuse of information does not constitute a use of tangible personal property; and (3) the use or misuse of information does not establish a defective condition of real property to support a premises defect claim under the Texas Tort Claims Act (TTCA). See TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.109. We reverse and render.

## I.  BACKGROUND

### A.  Factual Background

The facts of this case are largely undisputed by the parties. Decedent passed away on January 31, 2019. Appellees, the surviving family of Decedent, worked with Raymondville and Good Shepherd to find a burial plot and casket for Decedent's burial. While Good Shepherd employees were digging Decedent's grave, another Raymondville citizen, Billy Castro, approached the employees and notified them that he believed they were mistakenly digging the grave in his burial plot—not the plot Decedent's family purchased. Raymondville employee Kassie Romo then provided the plot number to the Good Shepherd employees to double-check the measurements. The Good Shepherd employees confirmed the measurements matched the plot number provided by Romo.

---

[1] Good Shepherd is also a defendant to appellees' suit. However, it is not a party to this appeal.

On February 4, 2019, Decedent was buried in the plot. Castro thereafter approached Raymondville city manager, Eleazar Garcia Jr., and notified him of the mistake. Ultimately, it was discovered that Romo originally provided the wrong measurements and subsequently provided the wrong plot number to the Good Shepherd employees, resulting in Decedent being buried in Castro's plot. Appellees then approached Garcia about the mistake. Garcia confirmed the error and offered two solutions: (1) the body could remain where it was initially buried and "[Raymondville] would deal with the Castro [f]amily"; or (2) Raymondville would pay for Decedent's remains to be moved one plot over to the correct plot. Elizondo, Decedent's surviving wife, chose to have Decedent's remains moved to the correct plot. Raymondville Mayor Gilbert Gonzales provided Elizondo with a letter acknowledging the error and confirming the decision to move the remains to the correct plot. The letter also explained that Elizondo would be contacted to inform her when the move would happen.

On February 7, 2019, Elizondo and Noe coincidentally drove by the cemetery and discovered that Decedent's remains were being moved without prior notice to them. Elizondo and Noe confronted the Good Shepherd employees while they were digging up the plots and moving the remains. According to appellees, while digging the side-by-side graves, the wall between the two collapsed. Raymondville contends the wall did not collapse but was intentionally removed. The Good Shepherd employees then pushed Decedent's casket and remains into the correct plot and filled in both plots with dirt.

## B.    Procedural Background

Appellees filed their original petition on June 4, 2019, asserting claims of

3

negligence, intentional infliction of emotional distress (IIED), breach of fiduciary duty, and violations of the Texas Deceptive Trade Practices Act (DTPA) against both Raymondville and Good Shepherd. Appellees filed their first amended petition on June 6, 2019, and their second amended petition on July 2, 2019. Appellees' second amended petition limited their IIED claim and DTPA violations to Good Shepherd. Appellees alleged that Raymondville's immunity was waived under the TTCA, by the "use or misuse of tangible property, namely surveying equipment probes, shovels[,] and other equipment utilized to layout burial spaces, locate available spaces[,] and also to determine the depth of spaces and bury remains." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2). Appellees additionally alleged that "[the] case involves personal injury arising from the operation or use of motor-driven equipment" and "personal injury caused by the condition or use of real property, namely the cemetery itself, and the cemetery spaces owned by [Elizondo] and [Decedent]." *See id.* § 101.021. Appellees alleged damages in the form of mental anguish, loss of consortium, loss of services, damage to personal property, attorney fees, and out-of-pocket losses.

On October 7, 2019, Raymondville filed its combined plea to the jurisdiction and traditional and no-evidence motions for summary judgment. Raymondville challenged the trial court's jurisdiction, alleging that "[appellees] have not identified any facts that could establish a claim of negligence authorized by the [TTCA]." Specifically, Raymondville argued its jurisdictional evidence demonstrated that none of its employees utilized motor-driven equipment or tangible personal property. Rather, Raymondville asserts, it contracted with Good Shepherd who, in turn, used the motor-driven equipment and

4

tangible personal property and that the TTCA excludes liability for the acts of independent contractors. *See id.* § 101.001(2) (defining "employee"). Raymondville further argued that the "[u]se or misuse of information does not amount to use or misuse of tangible property so as to waive governmental immunity under [§] 101.021(2)." *See City of Hidalgo Ambulance Serv. v. Lira*, 17 S.W.3d 300, 304 (Tex. App.—Corpus Christi–Edinburg 2000, no pet.). Raymondville also argued that governmental units are immune from suit for breach of fiduciary duty. *See City of Fort Worth v. Pastusek Indus., Inc.*, 48 S.W.3d 366, 372 (Tex. App.—Fort Worth 2001, no pet.). Finally, Raymondville argued that exemplary damages against it were barred as a matter of law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.024. Raymondville attached six exhibits to its plea.

Appellees filed their response, which included fourteen exhibits, to Raymondville's plea on November 27, 2019. Appellees argued that any use or misuse of the burial records was analogous to the use or misuse of information created by medical equipment, which does amount to a waiver of immunity. *See, e.g.*, *Baston v. City of Port Isabel*, 49 S.W.3d 425, 429–30 (Tex. App.—Corpus Christi–Edinburg 2001, pet. denied) (concluding that misinterpretation of electrocardiograph (EKG) readings constituted a use or misuse of tangible personal property, the EKG). Appellees further argued that "[Raymondville] is required by statute to maintain accurate burial records," and thus, the cases that Raymondville relied on in its plea are distinguishable. Appellees additionally argued that "[Raymondville] exercised such control over the details of the work to be performed by Good Shepherd that they cannot be considered an independent contractor." Finally, appellees argued that immunity was waived because the cemetery contained a

5

premises defect; namely, "the burial plots were incorrectly measured, marked, and identified leading to [Decedent] being buried in the wrong plot." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2). On November 27, 2019, appellees filed their third amended petition which omitted their claim for breach of fiduciary duty and request for exemplary damages against Raymondville.

Raymondville filed a reply to appellees' response, asserting that appellees had not previously included a premises liability claim in their pleadings. In response, appellees filed their fourth amended petition on December 5, 2019, which included a claim that Raymondville's immunity had been waived based on a premises defect.

Following a non-evidentiary hearing the trial court denied Raymondville's combined plea to the jurisdiction and no-evidence motion for summary judgment. This appeal followed. *See id.* § 51.014(a)(8).

## II.    STANDARD OF REVIEW

"Local governmental entities 'enjoy governmental immunity from suit, unless immunity is expressly waived.'" *Lubbock Cnty. Water Control & Imp. Dist. v. Church & Akin, L.L.C.*, 442 S.W.3d 297, 300 (Tex. 2014) (quoting *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 836 (Tex. 2010)). "Governmental immunity includes both immunity from liability, 'which bars enforcement of a judgment against a governmental entity, and immunity from suit, which bars suit against the entity altogether.'" *Id.* Raymondville is a local governmental entity. *See* TEX. LOC. GOV'T CODE ANN. § 271.151(3)(A); *Lubbock Cnty.*, 442 S.W.3d at 300. If a political subdivision of the State enjoys governmental immunity, the trial court does not have subject matter

6

jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Whether a court has subject matter jurisdiction is a question of law, which we review de novo. *Id.* at 226. "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Id.* We will liberally construe the pleadings and look to the pleader's intent. *Id.* "However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Id.* at 227.

If the evidence creates a fact question, the plea to the jurisdiction should not be granted, and the fact issue should be resolved by the trier of fact. *Id.* at 228. If, on the other hand, the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court should rule on the plea to the jurisdiction as a matter of law. *Id.* This standard generally mirrors that of summary judgment. *Id.*; *see generally* TEX. R. CIV. P. 166a(c). Accordingly, the governmental unit carries the initial burden. *Miranda*, 133 S.W.3d at 228. "[A]fter the [governmental unit] asserts and supports with evidence that the trial court lacks subject matter jurisdiction, we simply require the plaintiffs, when the facts underlying the merits and subject matter jurisdiction are intertwined, to show that there is a disputed material fact regarding the jurisdictional issue." *Id.* "When reviewing a plea to the jurisdiction in which the pleading requirement has been met and evidence has been submitted to support the plea that implicates the merits of the case, we take as true all evidence favorable to the nonmovant." *Id.* "We indulge every reasonable inference and

resolve any doubts in the nonmovant's favor." *Id.*

### III.     APPLICABLE LAW

The TTCA creates limited waivers of governmental immunity. TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.109; *Miranda*, 133 S.W.3d at 224. Section 101.021(1) provides that:

A governmental unit in the state is liable for

(1)     property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A)     The property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B)     The employee would be personally liable to the claimant according to Texas law; and

(2)     personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021. Immunity is also waived in certain situations involving a premise defect. *Id.* § 101.022. In a premise defect claim, "the governmental unit owes to the claimant only the duty that a private person owes to a licensee on a private property, unless the claimant pays for the use of the premises." *Id.* § 101.022(a).

"Use or misuse of information does not amount to use or misuse of tangible property so as to waive governmental immunity under [§] 101.021(2)." *Lira*, 17 S.W.3d at 304 (citing *Univ. of Tex. Med. Branch v. York*, 871 S.W.2d 175, 177 (Tex. 1994)); *see Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 581 (Tex. 2001) ("[W]ritten information in the form of instructions and manuals is not tangible personal property."). To determine

8

whether it is the use or misuse of information or tangible personal property that is being complained of, we look to "the gravamen of the plaintiff's complaint." *Lira*, 17 S.W.3d at 305; *see Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 518 (Tex. 2019) ("We are called upon . . . to determine whether, looking at the gravamen of the plaintiffs' complaint, a fact issue exists regarding whether [plaintiff's] injury was proximately caused by the [defendant's] 'use' of tangible personal property."); *see also Univ. of Tex. Health Sci. Ctr. at Hous. v. Dickerson*, No. 14-13-00232-CV, 2014 WL 708521, at *6 (Tex. App.—Houston [14th Dist.] Feb. 20, 2014, no pet.) (mem. op.) ("In determining whether sovereign immunity has been waived, courts look to the real substance of a plaintiff's cause of action, not the plaintiff's characterization of her claims."). "[I]nformation itself is an abstract concept, lacking corporeal, physical, or palpable qualities. Information thus, is intangible; the fact that information is recorded in writing does not render the information tangible property." *York*, 871 S.W.2d at 179; *see Petta*, 44 S.W.3d at 580; *Dallas County v. Harper*, 913 S.W.2d 207, 207–08 (Tex. 1995).

"[A] claim for a condition or use of real property is a premises defect claim under the [TTCA] . . . ." *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 385 (Tex. 2016). Two "subspecies" of premises defect have developed through case law: "causes of action for premises liability and negligent activity." *Id.* at 388 (citing *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997)). "[N]egligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury . . . ." *Id.* (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010)). On the other hand, "premises liability encompasses a nonfeasance

9

theory based on the owner's failure to take measures to make the property safe." *Id.* (quoting *Smith*, 307 S.W.3d at 776). "Property does not cause injury if it does no more than furnish the condition that makes the injury possible." *Dall. Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998) (citing *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 776 (Tex. 1995)), *abrogated on other grounds by* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106.

### IV. ANALYSIS

Raymondville argues the trial court erred by denying its plea to the jurisdiction because (1) the use of tangible personal property was done by Good Shepherd employees who were acting as independent contractors, for which there is no waiver of immunity; (2) use or misuse of information does not constitute a use of tangible personal property; and (3) use or misuse of information does not establish a defective condition of real property to support a premises defect claim under the TTCA. Because they are dispositive, we first address Raymondville's second and third issues. *See* TEX. R. APP. P. 47.4.

The essential facts of this case are undisputed. Raymondville employee Romo initially provided the wrong plot measurements to Good Shepherd employees. After being notified of a potential error, Romo then provided the incorrect plot number, which resulted in Good Shepherd employees confirming the plot as correct to the measurements. Decedent was buried in the wrong plot following the incorrect information provided by Romo. This caused the need to move Decedent's remains to the correct plot.

Appellees argue that it was the tangible personal property—the equipment used

10

to dig the grave and move Decedent's remains—that caused their injury. We disagree. Looking at the gravamen of appellees' claims and the related evidence, the use or misuse of information was the cause of appellees' injuries, not the use or misuse of tangible personal property or a condition or use of real property. *See* TEX. CIV. PRAC. & REM. CODE ANN § 101.021; *Lira*, 17 S.W.3d at 304–05. If Romo, a Raymondville employee, had not provided the incorrect measurements and plot number—the information—to the Good Shepherd employees, Decedent's remains would not have been interred into the wrong plot and likewise would not have needed to be moved. *See Lira*, 17 S.W.3d at 304.

Appellees assert that the case at hand is more akin to cases where the use or misuse of medical equipment, such as misreading EKG or computerized topography (CT) scan results, constituted a use or misuse of tangible personal property. *See Tex. Tech Univ. Health Scis. Ctr. v. Lucero*, 234 S.W.3d 158, 172 (Tex. App.—El Paso 2007, pet. denied); *Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 33 (Tex. 1983); *Baston*, 49 S.W.3d at 429–30. According to appellees, Raymondville's "burial records at the cemetery are the 'diagnostic' equipment." However, in each of those cases, it was the use or misuse of the medical equipment and its resulting information that resulted in the injuries; whereas here, it was the use or misuse of information that resulted in tangible personal property being used to dig the wrong plot. *See Salcedo*, 659 S.W.2d at 33; *Lucero*, 234 S.W.3d at 172; *Baston*, 49 S.W.3d at 429–30. In other words, the substance of appellees' complaints are the misuse and transmission of information. *See Lira*, 17 S.W.3d at 305. Additionally, the information did not become tangible personal property by Raymondville recording the information in writing. *See Petta*, 44 S.W.3d at 581.

11

Appellees further argue that because Raymondville is required to maintain accurate burial records, the cases regarding misuse of information are inapplicable. *See* TEX. HEALTH & SAFETY CODE ANN. § 711.003.[2] Assuming arguendo that § 711.003 is relevant to our use of information analysis, the statute does not apply to appellees' claims. Rather, § 711.003 applies to keeping records of interments, which is the actual burial of remains. *See id.*; *Inter*, MERRIAM-WEBSTER ONLINE DICTIONARY, https://www.merriam-webster.com/dictionary/inter (last visited May 6, 2022) (defining "[i]nter" as "to deposit (a dead body) in the earth or in a tomb").

Finally, appellees rely on *City of Gladewater v. Pike* to establish a waiver of immunity. 727 S.W.2d 514, 519 (Tex. 1987). In *Pike*, a father and nine brothers of the deceased brought a suit against Gladewater for misplacing the deceased's remains in the cemetery. *Id.* at 516. The Texas Supreme Court concluded that Gladewater was liable to the plaintiffs because operating a cemetery was a proprietary function for which a governmental unit enjoys no immunity. *Id.* at 519. However, the same year *Pike* was decided, the Texas Legislature passed Texas Civil Practice and Remedies Code § 101.0215(a)(5), which explicitly made operating a cemetery a governmental function. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(5). Accordingly, *Pike*, insofar as it

---

[2] The full text of § 711.003 reads:

A record shall be kept of each interment in a cemetery. The record must include:

(1)   the date the remains are received;
(2)   the date the remains are interred;
(3)   the name and age of the person interred if those facts can be conveniently obtained; and
(4)   the identity of the plot in which the remains are interred.

TEX. HEALTH & SAFETY CODE ANN. § 711.003

12

stands for the proposition that operating a cemetery is a proprietary function and thus no immunity applies, has been overruled by statute. *See id.*

Because the gravamen of appellees' complaint is the use or misuse of information, rather than the use or misuse of tangible personal property or real property, the trial court erred by denying Raymondville's plea to the jurisdiction. *See Lira*, 17 S.W.3d at 304. Raymondville's second and third issues are sustained. Because these issues are dispositive, we do not need to determine whether Good Shepherd was an independent contractor or not. *See* TEX. R. APP. P. 47.4.

## V. CONCLUSION

We reverse the trial court's judgment and render judgment dismissing the case for want of jurisdiction.

CLARISSA SILVA
Justice

Delivered and filed on the
26th day of May, 2022.