**Daisy (Dee) Marie KELSO and James Douglas Kelso, Appellants,**

v.

**GONZALES HEALTHCARE SYSTEMS d/b/a Memorial Hospital, Appellee.**

No. 13–03–577–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

May 13, 2004.

Dennis C. Peery, Tyler & Peery, San Antonio, for Appellants.

Robert L. Hargett, Damon D. Robertson, Peter R. Meeker, Davis & Wilkerson, Austin, Rosemary L. Hollan, Attorney At Law, San Antonio, for Appellee.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and GARZA.

## OPINION

Opinion by Justice GARZA.

Appellants, Daisy and James Kelso, appeal the trial court's decision to grant a plea to the jurisdiction by appellee, Gonzales Healthcare Systems, d/b/a Memorial Hospital ("Memorial Hospital"). In two issues, the Kelsos contend that (1) the trial court improperly granted Memorial Hospital's plea to the jurisdiction because sovereign immunity under the tort claims act had been waived; and (2) the trial court granted Memorial Hospital's plea to the jurisdiction without giving the Kelsos the opportunity to amend their petition. We reverse and remand to the trial court in order to give the Kelsos an opportunity to amend their pleading.

## Factual Background

The Kelsos brought suit under the Texas Tort Claims Act as a result of personal injuries sustained by Daisy Kelso while she was a patient at Memorial Hospital. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.001 *et seq.* (Vernon 1997). Daisy came to the emergency room at Memorial Hospital on the morning of October 25, 1999, exhibiting the symptoms of a heart attack. Daisy's physician, Robert Williamson, M. D., was contacted by emergency room personnel and gave orders by telephone for blood work, a chest x-ray and an electrocardiogram ("EKG") to be conducted on Daisy. The EKG was performed by hospital personnel, and its results indicated that Daisy was suffering an acute myocardial infarction, or heart attack. For reasons unstated in the record, Daisy did not immediately receive medical treatment following her EKG; in fact, treatment did not begin until she received two doses of nitroglycerin almost two hours after the EKG results were known.

The Kelsos then sued Memorial Hospital and Dr. Williamson for damages from Daisy's permanent injuries sustained by the delay in treatment. The Kelsos alleged that Daisy's injuries were caused by the misuse of tangible personal property, i.e., the EKG testing machine. Memorial Hospital then filed a plea to the jurisdiction based on its sovereign immunity as a governmental unit entitled to the protections of the tort claims act. The trial court granted both the plea and a subsequent motion for severance, making the issue final and subject to appeal.

## Plea to the Jurisdiction

A party may submit a plea to the jurisdiction in order to assert that it enjoys

sovereign immunity from suit and therefore is not properly within the subject matter jurisdiction of the trial court. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999) (per curiam). The limits of the trial court's subject matter jurisdiction is a question of law and subject to de novo review by the appellate court. *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002). In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex.2003). To determine if the plaintiff has met that burden, an appellate court will consider the facts alleged by the plaintiff and, to the extent relevant to the jurisdictional issue, the evidence submitted by the parties. *Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex.2001).

A plea to the jurisdiction asserts that the factual allegations in the plaintiff's pleadings, even when taken as true, fail to invoke the court's jurisdiction. *Texana Cmty. MHMR Ctr. v. Silvas*, 62 S.W.3d 317, 320 (Tex.App.-Corpus Christi 2001, no pet.); *see City of Hidalgo Ambulance Serv. v. Lira*, 17 S.W.3d 300, 304 (Tex. App.-Corpus Christi 2000, no pet.). Thus, the court must construe the plaintiff's pleadings liberally in favor of jurisdiction. *Silvas*, 62 S.W.3d at 320; *see also Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). Similarly, when an appellate court considers a trial court's order on a plea to the jurisdiction, it must construe the pleadings in the plaintiff's favor and look to the pleader's intent. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002).

When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not effectively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded an opportunity to amend. *Id.; Peek v. Equip. Serv. Co.*, 779 S.W.2d 802, 805 (Tex.1989). However, if the pleadings affirmatively negate the existence of jurisdiction, a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Brown*, 80 S.W.3d at 555.

## Sovereign Immunity

By their first issue on appeal, the Kelsos allege that the trial court improperly granted Memorial Hospital's plea to the jurisdiction based upon sovereign immunity because the Kelsos had pled a viable cause of action under the Texas Tort Claims Act.

In Texas, under the doctrine of sovereign immunity, a governmental agency is not liable for the torts of its officers or agents unless there is a specific legislative waiver of immunity. *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 298 (Tex. 1976). Sovereign immunity can only be waived by clear and unambiguous language. *Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 177 (Tex.1994). The Texas Legislature enacted the tort claims act to waive sovereign immunity in limited circumstances. *See Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584 (Tex.1996).

In their petition, the Kelsos rely on section 101.021(2) of the act, which waives governmental immunity for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1997). "Use" of property is undefined in the statute but

has been characterized in case law as "to put or bring into action or service; to employ for or apply to a given purpose." *Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 33 (Tex.1983). The Texas Supreme Court has distinguished claims involving the failure to use property, which will not waive sovereign immunity, from claims involving a condition or use of tangible personal property that causes injury, which will effect a waiver. *Tex. Dep't Crim. Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001).

All elements of section 101.021(2) must be satisfied or governmental immunity will not be considered waived; for example, the use of the property must actually cause the injury, *see id.* at 588; *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 342–43 (Tex.1998), and the property must be tangible, *see York*, 871 S.W.2d at 179. Information about a medical condition is not considered tangible property. *York*, 871 S.W.2d at 179 ("*Salcedo* does not permit claims against the State for misuse of information."); *Lira*, 17 S.W.3d at 304 ("Use or misuse of information does not amount to use or misuse of tangible property so as to waive governmental immunity under section 101.021(2).").

With regard to EKG machines specifically, "[r]eading and interpreting are [the] purposes for which an electrocardiogram graph is used." *Salcedo*, 659 S.W.2d at 33. Thus, when a machine's readout is incorrectly read or interpreted, it has been incorrectly "used" and therefore immunity is waived. *See id.* However, the use or misuse of an EKG is distinguishable from the use or misuse of information. *Baston v. The City of Port Isabel*, 49 S.W.3d 425, 429 (Tex.App.-Corpus Christi 2001, pet. denied). If an EKG machine is correctly used, any subsequent misuse or nonuse of the information it reveals about a patient's

medical condition does not waive immunity under the statute, as it was the use of the information, not the tangible property, which was the proximate cause of injury. *See Miller*, 51 S.W.3d at 588 (use of tangible property must have caused the injury); *Lira*, 17 S.W.3d at 304 (information is not tangible property).

In their petition to the trial court, the Kelsos made no affirmative allegations that the EKG was incorrectly used or that its results were erroneous. Instead, according to the facts as alleged by the Kelsos in their petition, the injury suffered by Daisy occurred only after the EKG was correctly used and provided accurate results and was caused by the hospital personnel's failure to act upon the information about the heart attack once it became known. The use of the EKG was therefore not the proximate cause of Daisy's injury. Although failure to use the information from the EKG results may have caused injury to Daisy, no use of tangible property was involved. Thus, the Kelsos' pleading fails to affirmatively allege facts which would bring their claims under the waiver of immunity from liability in section 101.021(2) of the tort claims act. The Kelsos could have alleged that the EKG results, though correct, were improperly interpreted by Memorial Hospital staff. However, they failed to clearly state such a claim. Consequently, there is no waiver of immunity from suit, and the trial court lacks subject matter jurisdiction of the claims against the appellees. *See Snelling v. Mims*, 97 S.W.3d 646, 654 (Tex.App.-Waco 2002, no pet.) (failure to diagnose patient and report results was not misuse of tangible personal property); *Univ. of Tex. Med. Branch at Galveston v. Mullins*, 57 S.W.3d 653, 657 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (failure to inform plaintiff of positive HIV test result was not misuse of tangible property). Accordingly,

the trial court did not err by granting Memorial Hospital's plea to the jurisdiction on the basis of these pleadings. We overrule the Kelsos' first issue on appeal.

## Opportunity to Amend

By their second issue, the Kelsos complain that the trial court improperly granted Memorial Hospital's plea to the jurisdiction without giving the Kelsos the opportunity to amend their petition. Having determined that the Kelsos failed to state a claim for which Memorial Hospital's sovereign immunity is waived, this Court must decide whether the Kelsos' petition is incurably defective or whether it may be amended to allege a cause of action within the trial court's jurisdiction. *Brown*, 80 S.W.3d at 555; *Peek*, 779 S.W.2d at 805.[1] Reviewing the record before us, we note that the Kelsos' petition is inconsistent regarding her allegations of misuse of the EKG machine through improper reading or interpretation of its results. The petition affirmatively states that the EKG results were correct: "The EKG results indicated that plaintiff, [Daisy] Kelso, was suffering from an acute myocardial infarction.... Plaintiffs received confirmation (at another hospital) that plaintiff, [Daisy] Kelso suffered from an acute myocardial infarction." However, the petition further alleges Memorial Hospital was negligent by "misusing available tools" and that its employees "misused and/or inadequately read cardiac and vital signal monitors." Additionally, the Kelsos' response to Memorial Hospital's plea to the jurisdiction alleges with greater speci-

ficity that there was an "improper use of the equipment" through the hospital staff "improperly reading and interpreting the results produced by the EKG." These facts, had they been included in the Kelsos' petition, would have been sufficient to establish jurisdiction by waiving sovereign immunity under the tort claims act. *See id.* Because the Kelsos failed to amend their petition to conform to their response to the plea to the jurisdiction by affirmatively specifying that there had been misuse, we cannot award the relief primarily requested, i.e., reversing the judgment of the trial court and rendering judgment that subject matter jurisdiction over Memorial Hospital has been established. Instead, we reverse the trial court's order granting the plea to the jurisdiction and remand to the trial court to allow the Kelsos an opportunity to amend their pleadings to assert a cognizable cause of action. *See Brown*, 80 S.W.3d at 555; *Peek*, 779 S.W.2d at 805.

---

1. Memorial Hospital alleges in its petition that the Kelsos have waived the opportunity to amend their pleadings by failing to request such an opportunity from the trial court. This argument is incorrect as this Court has the ability to grant appellant's request for an opportunity to amend *sua sponte* without requiring that the issue be preserved below. *See Rourk v. Cameron Appraisal Dist.*, 131

S.W.3d 285, 298–99 (Tex.App.-Corpus Christi 2004, pet. filed.) (noting the court of appeals allows parties the opportunity to amend pleadings); *Texas Dept. of Transp. v. Bederka*, 36 S.W.3d 266, 271 (Tex.App.-Beaumont 2001, no pet.) ("We exercise our discretion under Rule 43.3(b) and grant appellee's request for the remand to permit them an opportunity to amend their pleadings.").