Dismissed, in Part, and Affirmed, in Part,
and Memorandum Opinion filed August 2, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00988-CV



Brandy Brooks,
Individually and as Next Friend of A.D., a Minor, Appellant 

v.

THE University
of Texas Medical Branch, Heather Sloan, M.D., AND Angela Earhart, M.D., Appellees 



On Appeal from
the 10th District Court

Galveston County, Texas

Trial Court
Cause No. 09-CV-1152



 

MEMORANDUM OPINION 

Brandy Brooks, Individually and as Next Friend of
A.D., a Minor, appeals the trial court’s orders granting The University of
Texas Medical Branch’s (UTMB) motion to dismiss and plea to the jurisdiction
and Heather Sloan, M.D. and Angela Earhart, M.D.’s motion to dismiss.  We dismiss,
in part, and affirm, in part.

Background

On April 24, 2007, Brooks was admitted to UTMB in
labor.  Brooks alleges that an ultrasound revealed that A.D. was macrosomic. 
Sloan and Earhart ordered a vaginal delivery.  During the delivery, a shoulder
dystocia was encountered.  Brooks alleged that Sloan and Earhart applied
excessive and undue force, causing A.D. to sustain a brachial plexus injury,
and that Sloan dropped A.D., causing a shoulder dislocation and Erb’s Palsy.  Following
discharge from UTMB, A.D. exhibited symptoms of pain with manipulation of her
arm.  An x-ray read by Leonard Swischuk, M.D. showed that A.D.’s shoulder was
dislocated, but he did not inform Brooks of the shoulder dislocation.  

Brooks sued UTMB and its employees, Sloan, Earhart,
and Swischuk, for medical negligence.  Specifically, Brooks sued Sloan and
Earhart for negligence with regard to the delivery of A.D. and Swischuk for
failing to read the x-ray of A.D. as revealing a shoulder dislocation.  Brooks
alleged that Sloan, Earhart, and Swischuk were employees of UTMB.  

UTMB filed an answer and a motion to dismiss its
employees—Sloan, Earhart, and Swischuk—under the election of remedies provision
of the Texas Tort Claims Act (TTCA).  See Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e) (West 2011). 
Sloan and Earhart also filed a motion to dismiss pursuant to section 101.106(e)
seeking their dismissal from the lawsuit.  Brooks amended her petition and
nonsuited Swischuk.  UTMB filed special exceptions to Brooks’s first amended
petition, arguing that the petition did not allege that A.D.’s injury was
caused by the use of tangible personal property so as to fall within the waiver
of governmental immunity under the TTCA.  See Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (West 2011). 
UTMB filed a first supplemental plea to the jurisdiction and motion to dismiss,
similarly arguing that there was no waiver of immunity because Brooks had not
pleaded or presented evidence that the alleged injuries were caused by a
condition or use of tangible personal property.  

On July 2, 2010, the trial court granted both UTMB’s
motion to dismiss its employees and Sloan and Earhart’s motion to dismiss and
severed Brooks’s claims against Sloan and Earhart into cause no. 09CV1152-A. 
On July 14, 2010, the trial court granted UTMB’s plea to the jurisdiction
dismissing Brooks’s claims against UTMB.  

Dismissal of Brooks’s Claims Against UTMB’s
Employees

In her first issue, Brooks complains that the trial
court erred by dismissing her claims against Sloan and Earhart.  When the trial
court granted the motions to dismiss the claims against Sloan and Earhart, it
ordered that those claims be severed from the original cause and assigned to
cause no. 09CV1152-A.  A severance divides the underlying lawsuit into two or
more independent lawsuits, resulting in separate, appealable final judgments.  Van
Dyke v. Boswell, O’Toole & Pickering, 697 S.W.2d 381, 383 (Tex. 1985); Hall
v. City of Austin, 450 S.W.2d 836, 837–38 (Tex. 1970) (per curiam).  The
filing of the notice of appeal invokes this court’s jurisdiction over the
judgment or order from which appellant appeals.  Tex. R. App. P. 25.1(b).  

Brooks did not filed an appeal from the judgment in
the severed cause of action, 09CV1152-A.  Therefore, in the absence of a notice
of appeal from the July 2, 2010 dismissal orders in cause no. 09CV1152-A, we do
not have jurisdiction over Brooks’s appeal from those orders.  Cf. Serrano
v. Ryan’s Crossing Apartments, 241 S.W.3d 560, 564 (Tex. App.—El Paso 2007,
pet. denied) (holding that the plaintiff could not complain on appeal about the
dismissal of the suits against the county defendants where she named the county
as a party on appeal, but only appealed the judgment in the severed cause of action
to which the county defendants were not parties).  Even if Brooks had invoked
this court’s jurisdiction as to the orders dismissing the claims against Sloan
and Earhart, the trial court’s dismissal of those claims pursuant to section
101.106(e) was nevertheless proper.  See Franka v. Velasquez, 332 S.W.3d
367, 375 (Tex. 2011); Univ. of Tex. Health Sci. Ctr. at Houston v. Crowder,
No. 14-10-00092-CV, — S.W.3d —, 2011 WL 1413306, at *5–7 (Tex. App.—Houston
[14th Dist.] Apr. 14, 2011, no pet. h.) (applying Franka to medical
negligence claims in the context of a section 101.106(e) motion to dismiss the
governmental unit’s employee).  We overrule Brooks’s first issue.  

Condition or Use of Tangible Property

In her second issue, Brooks contends that the trial
court erred by granting UTMB’s plea to the jurisdiction because her claims
against UTMB fall within sovereign immunity.  Whether a court has jurisdiction
is a question of law that is reviewed de novo.  City of Elsa v. Gonzalez,
325 S.W.3d 622, 625 (Tex. 2010) (per curiam).  A plea to the jurisdiction
challenges the court’s subject matter jurisdiction.  City of Dallas v.
Carbajal, 324 S.W.3d 537, 538 (Tex. 2010) (per curiam).  When a plea to the
jurisdiction challenges the pleadings, we determine if the pleader alleged
facts that affirmatively demonstrate the court’s jurisdiction to hear the
case.  City of El Paso v. Heinrich, 284 S.W.3d 366, 378 (Tex. 2009).  We
construe the pleadings liberally in favor of the plaintiff and look to the pleader’s
intent.  State v. Holland, 221 S.W.3d 639, 643 (Tex. 2007).  If a plea
to the jurisdiction challenges the existence of jurisdictional facts, we
consider the relevant evidence submitted by the parties when necessary to
resolve the jurisdictional issue raised, as the trial court is required to do.  Univ.
of Tex. at Austin v. Hayes, 327 S.W.3d 113, 116 (Tex. 2010) (per curiam). 
If there is no question of fact as to the jurisdictional issue, the court must
rule on the plea to the jurisdiction as a matter of law.  Henrich, 284
S.W.3d at 378.  If the evidence raises a fact question on jurisdiction, the
trial court cannot grant the plea, and the trier of fact must resolve the
issue.  Hayes, 327 S.W.3d at 116.  

The State, its agencies, and subdivisions generally
enjoy sovereign immunity from tort liability unless immunity has been waived.  Cnty.
of Cameron v. Brown, 80 S.W.3d 549, 554 (Tex. 2002).  Under the TTCA, the
Texas Legislature has provided three circumstances in which sovereign immunity
is waived: (1) the use of publicly owned vehicles, (2) premises defects, and
(3) injuries caused by the condition or use of tangible property.  Tex. Civ. Prac. & Rem. Code Ann. §
101.021; Brown, 80 S.W.3d at 554.  Brooks asserts that the Legislature has
waived sovereign immunity because her claims against UTMB arise from the
negligent use of tangible personal property, i.e., an x-ray.  

Brooks alleged in her original petition that “An
x-ray was performed by Defendant Swischuk that failed to identify the shoulder dislocation.
. . . Another x-ray taken on May 1, 2007 was read by Defendant Swischuk that
again failed to identify the shoulder dislocation.”  Brooks alleged that
Swischuk was negligent for “failing to read the x-rays of [A.D.] as revealing a
shoulder dislocation thereby worsening the nerve injury.”  Brooks alleged that
UTMB was negligent for “failing to inform Plaintiff about the dislocated
shoulder after x-ray images of [A.D.’s] arm were taken thereby worsening the
Erb’s Palsy.”

Brooks amended her petition, nonsuiting Swischuk and
thereby leaving the only reference to any x-ray as UTMB’s negligence for
“failing to inform Plaintiff about the dislocated shoulder after x-ray images
of [A.D.’s] arm were taken thereby worsening the Erb’s Palsy.”  Thereafter,
Brooks filed sworn answers to UTMB’s interrogatories, stating that “Plaintiffs
pleadings do not allege injuries caused by the condition or use of tangible
personal property.”  It was not until Brooks filed her motion for new trial
that she argued, as she does in this appeal, that her claims against UTMB stem,
in part, from the use of an x-ray as tangible personal property.  

Brooks relies on the Texas Supreme Court’s decision
in Salcedo v. El Paso Hospital District, which involved a claim that the
hospital district’s employees misused electrocardiographic equipment by
improperly reading and interpreting the graphs and charts produced by the
equipment.  See 659 S.W.2d 30, 31 (Tex. 1983).  Observing that reading
and interpreting are purposes for which an electrocardiogram graph is used or
employed in diagnosing myocardial infarction, the court held that the plaintiff
had alleged that her loss was proximately caused by negligence in the use of
tangible property.  Id. at 33.  Here, however, Brooks has not alleged
that UTMB misused the x-ray machine, or even that UTMB misread the x-rays.  Instead,
Brooks alleges a failure to communicate the information on the x-ray rather
than the negligent use of the x-ray machine or interpretation of the x-rays.  The
State does not waive immunity by the use, misuse, or non-use of information in
a medical record.  Univ. of Tex. Med. Branch at Galveston v. York, 871
S.W.2d 175, 179 (Tex. 1994).[1]
 Therefore, Brooks has not alleged facts under which the Legislature waived UTMB’s
immunity to suit pursuant to the TTCA.  See Kelso v. Gonzales Healthcare
Sys., 136 S.W.3d 377, 382 (Tex. App.—Corpus Christi 2004, no pet.) (“Although
failure to use the information from the EKG results may have caused injury to
Daisy, no use of tangible property was involved. . . . The Kelsos could have
alleged that the EKG results, though correct, were improperly interpreted by
Memorial Hospital staff.  However, they failed to clearly state such a claim.”);
Univ. of Tex. Med. Branch at Galveston v. Mullins, 57 S.W.3d 653, 657
(Tex. App.—Houston [14th Dist.] 2001, no pet.) (holding complaint that the
hospital failed to communicate the results of a positive reading from an HIV
test documented in the plaintiff’s chart was not a claim involving the use or
misuse of tangible personal property).  We conclude that the trial court
properly granted UTMB’s plea to the jurisdiction and overrule Brooks’s second
issue.[2]
 

We dismiss the appeal, in part, as to the July 2,
2010 orders dismissing Brooks’s claims against Sloan and Earhart, which are not
part of the judgment from which Brooks appeals.  We affirm the trial court’s
judgment.  

                                                                                    

                                                                        /s/        Sharon
McCally

                                                                                    Justice

 

 

Panel consists of Justices Frost,
Jamison, and McCally.









[1]
In York, the Texas Supreme Court observed that the plaintiff in Salcedo
specifically alleged misuse of the electrocardiogram, which is tangible
personal property.  871 S.W.2d at 178.  The court further explained that “Salcedo
does not permit claims against the State for misuse of information.”  Id.
at 179.  The court later stated that Salcedo is limited to its facts.  Dallas
Cnty. Mental Health & Mental Retardation v. Bossley, 968 S.W.2d 339,
342 (Tex. 1998).  





[2]
In its first supplemental plea to the jurisdiction and motion to dismiss, UTMB
also argued that it is immune to this lawsuit pursuant to 101.106(b) of the
TTCA’s election of remedies provision.  See Tex. Civ. Prac. & Rem. Code Ann. § 101.106(b).  Given our
disposition based on Brooks’s failure to allege a claim involving the use or
misuse of tangible property, we need not address this ground.