

## NUMBER 13-13-00556-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

CHRISTUS SPOHN HEALTH SYSTEM
CORPORATION D/B/A CHRISTUS SPOHN
HOSPITAL - CORPUS CHRISTI - MEMORIAL,                    Appellant,

v.

ANGELA YOUNG,                                            Appellee.

On appeal from the 214th District Court
of Nueces County, Texas.

## MEMORANDUM OPINION

Before Justices Garza, Benavides, and Perkes
Memorandum Opinion by Justice Benavides

By one issue, appellant Christus Spohn Health System Corporation d/b/a Christus

Spohn Hospital Corpus Christi–Memorial (hereinafter "Christus Memorial") appeals the

trial court's denial of its plea to the jurisdiction related to a medical negligence lawsuit

brought against it and others by appellee Angela Young.   We reverse and render.

## I.   BACKGROUND

Young filed suit against Christus Memorial, Nabil El-Milady, M.D., and James Frame, M.D,[1] related to an alleged ureteral injury and abscess she suffered following a hysterectomy surgery at Christus Memorial.   In her second amended original petition, Young alleged that post-operatively, she was "followed, monitored[,] and/or treated by [Dr. El-Milady] . . . but continued to suffer from symptoms of pain and vomiting."   Dr. El-Milady and nurses employed by Christus Memorial performed "abdominal examinations and assessments" by using palpation and auscultation with stethoscopes. Young further alleged that despite these evaluations, nurses at Christus Memorial "failed to identify and diagnose [her] ureteral injury."   Young alleged that on "numerous occasions" in November and December of 2008 following the surgery, she presented to Dr. El-Milady, Christus Memorial, and Christus Spohn Shoreline Hospital.[2]   According to Young, on each meeting, she was "examined, given pain medication, was told her pain was 'normal,' and was discharged or sent home without further treatment."

On December 16, 2008, Young went to the emergency room at Christus Spohn Shoreline Hospital with symptoms of nausea, vomiting, abdominal and back pain.   She was evaluated and treated by Dr. Frame.   Young alleges that during that visit, "her pain was 10 of 10, her blood pressure was recorded at 192 over 99, her oxygen saturation was at 97%, pulse 95 and respirations 18."   Young was treated at Christus Spohn Shoreline Hospital for pain and nausea with Dilaudid and Phenergan and discharged

---

[1] Neither El-Malidy nor Frame are parties to this appeal.

[2] Although Young named Christus Spohn Shoreline Hospital as an original defendant, her second amended petition does not.   Furthermore, Christus Spohn Shoreline Hospital is not a party to this appeal.

"after approximately three hours."

On December 19, 2008, Young had a CT scan performed at Christus Memorial. In her petition, she alleged that the scan revealed "a water density collection remaining in the right hemipelvis in close proximity to the external iliac vessels. The right ureteral segments were identified as being irregular in morphology with somewhat speculated margins." Young further asserted that despite these findings, her ureteral injury and abscess went undiagnosed by Christus Memorial. Young continued to receive treatment at Christus Spohn Shoreline Hospital, where she remained hospitalized until January 14, 2009. Five days later, Young was treated at Christus Spohn Shoreline Hospital, where her ureteral stent was found to be non-functioning and was replaced. Young alleges that she continues to suffer from "kidney difficulties," that her kidney damage is likely permanent, and that she will continue to suffer with similar symptoms.

Young specifically alleged that Christus Memorial's "actual and obstensible agents, employees, vice principals and borrowed servants, including, but not limited to, the nurses caring for [Young] at [Christus Memorial] . . . [were] negligent in caring for her by:

(a)    failing . . . to properly treat [Young] after her hysterectomy, appendectomy and left oophorectomy;

(b)    prematurely discharging [Young] from [Christus Memorial] after her surgery with continuing symptoms of pain, nausea, and vomiting;

(c)    failing . . . to diagnose [Young's] ureteral injury following her hysterectomy surgery;

(d)    negligently assessing and/or negligently performing an abdominal assessment of [Young], by palpation and auscultation with a stethoscope, causing a missed diagnosis of ureteral injury by

3

[Christus Memorial] while she was a patient following her hysterectomy;

(e) failing . . . to perform nursing interventions, including percussion of the costovertebral angle, to diagnose [Young's] ureteral injury when she continued to complain of pain while hospitalized following her hysterectomy surgery;

(f) failing to properly interpret, diagnose[,] and treat [Young's] persistent symptoms upon repeated presentations to their care by [Christus Memorial] acting through its employees and/or ostensible agents;

(g) causing delay . . . in the diagnosis and treatment of [Young's] ureteral injury, through misrepresentation of results of [Young's] CT scan, thereby worsening her condition.

Christus Memorial filed a plea to the jurisdiction asserting that it was immune to suit because Young failed to allege facts that show a waiver of immunity and that it was entitled to dismissal with prejudice. The trial court denied Christus Memorial's plea, and this interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West, Westlaw through 2013 3d C.S.).

## II. PLEA TO THE JURISDICTION

By its sole issue, Christus Memorial asserts that the trial court erred in denying its plea to the jurisdiction.

### A. Jurisdiction

As a threshold matter, we must determine whether we have jurisdiction in this case. Generally, an appeal may be taken only from a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). However, appellate courts have jurisdiction to consider immediate appeals of interlocutory orders if a statute explicitly provides such jurisdiction. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007).

4

Under section 51.014(a)(8) of the civil practice and remedies code, an interlocutory appeal may be taken from a denial of a plea to the jurisdiction by a governmental unit as that term is defined in section 101.001 of the same code. TEX. CIV. PRAC. & REM. CODE 51.014(a)(8). A governmental unit includes, *inter alia*, a public health district. *See id.* § 101.001(3)(B) (West, Westlaw through 2013 3d C.S.). Furthermore, "a hospital district management contractor in its management or operation of a hospital under a contract with a hospital district is considered a governmental unit" for purposes of section 101.001 of the civil practice and remedies code. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 285.071–.072 (West, Westlaw through 2013 3d C.S.). The parties do not dispute Christus Memorial's status as a "hospital district management contractor in its management or operation of a hospital under a contract with a hospital district" under section 285.071–.072 of the health and safety code. Accordingly, we conclude that we have jurisdiction to hear this case and now turn to the merits of Christus Memorial's issue on appeal.

**B.   Standard of Review**

A plea to the jurisdiction is a dilatory plea generally used to defeat an action "without regard to whether the claims asserted have merit." *Mission Consol. Ind. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012) (quoting *Bland Ind. Sch. Dist v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)). Essentially, the plea challenges the court's power to adjudicate a case. *Heckman v. Williamson County*, 369 S.W.3d 137, 149 (Tex. 2012). Whether a court has subject matter jurisdiction is a question of law that we review de novo. *See Tex. Nat. Res. Conserv. Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

5

Typically, the plea challenges whether the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Garcia*, 372 S.W.3d at 635 (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). In this situation, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id.* If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend. *Id.* If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.*

A plea to the jurisdiction may also challenge the existence of jurisdictional facts. *See Garcia*, 372 S.W.3d at 635. In this situation, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Miranda*, 133 S.W.3d at 227 (citing *Bland*, 34 S.W.3d at 555). This standard mirrors that of a traditional summary judgment motion. *See Garcia*, 372 S.W.3d at 635; *Miranda*, 133 S.W.3d at 227. Initially, the defendant carries the burden to meet the summary judgment proof standard for its assertion that the trial court lacks jurisdiction. *Garcia*, 372 S.W.3d at 635. If it does, the plaintiff is then required to show that a disputed material fact exists regarding the jurisdictional issue. *Id.* If a fact issue exists, the trial court should deny the plea. *Id.* But if the relevant evidence is undisputed or the plaintiff fails to raise a fact question on the jurisdictional

issue, the trial court rules on the plea as a matter of law. *Id.*

In sum, the burden is on the plaintiff to affirmatively demonstrate the trial court's jurisdiction. *Heckman*, 369 S.W.3d at 150. When assessing a plea, our analysis begins with the live pleadings. *Id.* We may also consider evidence submitted to negate the existence of jurisdiction, and we must consider evidence when necessary to resolve the jurisdictional issue. *Id.* When considering evidence, the court should "confine itself to the evidence relevant to the jurisdictional issue." *Blue*, 34 S.W.3d at 555.

## C.    Discussion

Christus Memorial invokes the doctrine of sovereign immunity and asserts that as a result of its immunity from suit, all of Young's claims against it are barred as a matter of law. In Texas, sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the State or certain governmental units have been sued unless the State consents to suit. *Miranda*, 133 S.W.3d at 224. The Texas Tort Claims Act (TTCA) provides a limited waiver of sovereign immunity. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001–.109 (West, Westlaw through 2013 3d C.S.). Stated another way, the Legislature grants a party permission to sue a governmental unit for damages to the extent allowed under the TTCA. *Id.* § 101.025(b). Relevant to this case, a governmental unit in Texas is liable for: "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." *Id.* § 101.021(2). In order to have a full waiver of immunity under this section, the use of the property must actually cause the injury and the property must be tangible. *Kelso v. Gonzales*

7

*Healthcare Sys.*, 136 S.W.3d 377, 382 (Tex. App.—Corpus Christi 2004, no pet.) (internal citations omitted).

Of the seven allegations of negligence against Christus Memorial in this case, Young argues that two of her allegations fall under the TTCA's waiver of immunity. First, Young asserts that nurses at Christus Memorial negligently assessed or performed an abdominal assessment by palpation and auscultation[3] with a stethoscope, which caused a missed diagnosis of ureteral injury following her hysterectomy. Young argues that the stethoscope is tangible personal property under section 101.021(2) with a purpose to assist in nurses in assessing a patient's condition.

"Use" means "to put or bring into action or service; to employ for or apply to a given purpose." *Tex. Dep't of Crim. Justice v. Miller*, 51 S.W.3d 593, 588 (Tex. 2001). The requirement of causation is "more than mere involvement," and property "does not cause injury if it does no more than furnish the condition that makes the injury possible." *Dallas Cty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998).

Young's allegations do not imply that the actual use or misuse of the stethoscopes caused Young's injuries. Any purported misuse of the stethoscope neither hurt her nor made her ureteral injury worse in and of itself. While Young's allegations assert that the passage of time due to improper medical assessments made her symptoms worse, these allegations amount to negligence, not "use" of the stethoscopes that caused injury. *See Miller*, 51 S.W.3d at 588. The Texas Supreme Court has noted that medical personnel in state medical facilities "use some form of tangible personal property nearly

---

[3] "Auscultation" is the act of listening to sounds made by a patient's organs as an aid to diagnosis. IDA G. DOX ET AL., ATTORNEY'S ILLUSTRATED MEDICAL DICTIONARY A84 (1997).

8

every time they treat a patient," and that because of this fact, a patient suing for negligence could always complain that a different form of treatment than the one employed would have been more effective and still claim waiver under the [TTCA]." *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 585–86 (Tex. 1996). To conclude that all of these complaints are enough to constitute the use of tangible personal property under the TTCA would render the doctrine of sovereign immunity a nullity, which is not what the Legislature intended in acting the TTCA. *See id.* at 586.

Next, Young argues that Christus Memorial caused delay in the diagnosis of her injury through "misinterpretation of results of [her] CT scan," which worsened her condition. This Court has held that if medical diagnostic equipment is correctly used, "any subsequent misuse or nonuse of the information it reveals about a patient's medical condition does not waive immunity" under the TTCA because it was the use or non-use of the information, not the tangible property, which proximately caused the injury. *See Kelso*, 136 S.W.3d at 382 (holding that use of the tangible property must have caused the injury and information is not tangible property).[4] Young has not alleged the CT scan was incorrectly used, or that the CT scan produced inaccurate results. Therefore, immunity has not been waived.

In sum, after construing Young's pleadings liberally in her favor and looking to her intent, we conclude that Young pleaded facts that affirmatively negate the existence of

---

[4] We recognize that two of our sister courts have held that allegations of misuse of medical diagnostic equipment may be enough to waive immunity under the TTCA and rely on *Salcedo v. El Paso Hospital District*, 659 S.W.2d 30, 30–33 (Tex. 1983) as controlling authority. *See, e.g., Tex. Tech Univ. Health Sciences Ctr. v. Lucero*, 234 S.W.3d 158, 171–72 (Tex. App.—El Paso 2007, pet. denied) (holding that evidence of the misuse of an abdominal CT scan was enough to find a waiver of sovereign immunity); *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 169 S.W.3d 712, 722–23 (Tex. App.—Waco 2005, pet. granted), *reversed and vacated on jurisdictional grounds*, 195 S.W.3d 98, 101 (Tex. 2006) (per curiam). However, because the Texas Supreme Court has limited the *Salcedo* holding to its facts, *see Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998), we will adopt that approach in today's memorandum opinion.

the trial court's jurisdiction.   We sustain Christus Memorial's sole issue.

### III.   CONCLUSION

We reverse the trial court's denial of Christus Memorial's plea to the jurisdiction and render judgment dismissing Young's suit against Christus Memorial for lack of jurisdiction.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
20th day of November, 2014.